# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 07-cv-4969 |
| | ) | |
| CITY OF CHICAGO, WILLIAM R. | ) | Judge Robert M. Dow, Jr. |
| MASSOLLE, #19045, and KAREN E. | ) | |
| WOJCIKOWSKI, # 9786, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Larry Thomas ("Thomas"), filed a *pro se* complaint [1, 10] on September 4, 2007, against the City of Chicago ("the City"), Two Unknown Named Chicago Police Detectives, and One Unknown Named Police Investigator. Subsequently, with the aid of counsel, Plaintiff amended his complaint [21] on July 15, 2008, replacing the unknown defendants with William R. Massolle ("Massolle") and Karen E. Wojcikowski ("Wojcikowski") (together "the Individual Defendants") and omitting the unknown police investigator. Plaintiff alleges that the Individual Defendants deprived him of his civil rights when they arrested him on August 1, 2005, and seeks recovery pursuant to 42 U.S.C. § 1983. Plaintiff also alleges a Fourteenth Amendment due process violation. Finally, he invokes the Court's supplemental jurisdiction, seeking recovery against all of the Defendants for the Illinois state law tort of malicious prosecution.

Currently before the Court is Defendants' motion to dismiss [28][1] Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, that motion is denied.

## I. Background[2]

On or about August 1, 2005, Plaintiff was arrested by Massolle and Wojcikowski. (Compl. ¶ 5.) They did not have probable cause to effect the arrest and "instead fabricated evidence to implicate [P]laintiff in criminal wrongdoing." (*Id.* ¶ 6.) Plaintiff was arraigned on August 25, 2005 (*id.* ¶ 7), and brought to trial in January 2007 (*id.* ¶ 8), at which time he learned that Massolle and Wojcikowski had fabricated evidence (*id.*). He was found not guilty. (*Id.* ¶ 10.)

Plaintiff's complaint comprises three counts. Count I alleges that Massolle and Wojcikowski falsely arrested Plaintiff in violation of the Fourth Amendment of the United States Constitution.[3] Count II alleges that Massolle and Wojcikowski violated the Constitution's Fourteenth Amendment due process clause "by fabricating evidence and concealing their wrongdoing, [which] caused [P]laintiff to be wrongfully held in custody for seventeen months." Count III names only the City, seeking to impose liability on a *respondeat superior* theory for the state law tort of malicious prosecution.

---

[1] The City filed the motion on behalf of itself and Massolle; Wojcikowski later joined and adopted [32, 34] the motion of her co-defendants.

[2] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

[3] The Complaint appears to name only the Individual Defendants in Count I, and it similarly appears that Defendants have moved to dismiss only with respect to those defendants. See Def. Reply at 4 ("Claim I of Plaintiff's Amended Complaint should be dismissed against the individual officers").

**II. Analysis**

Defendants seek dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argue that Counts I and III are time-barred and that Count II fails "to give Defendants notice of the facts that form a basis for his second count." (Def. Mem. at 4-5.)

**A. Legal standard on motion to dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

### B. Count I

A plaintiff's failure to adhere to a statute of limitations is an affirmative defense and therefore generally is not amenable to dismissal at the complaint stage. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). However, dismissal is appropriate where a plaintiff pleads herself out of court by establishing that a defendant is entitled to a limitation's defense. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.2d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"). As explained below, the Court concludes that although the statute of limitations began to run when Plaintiff was arraigned, it is not clear from his complaint that any claims are "hopelessly time-barred" because the limitations period may be tolled under Illinois law.

In Defendants' estimation, Plaintiff pled himself out of court as to his claims against the Individual Defendants by including certain calendarial facts in his amended complaint: (i) Plaintiff was arrested on August 1, 2005; (ii) Plaintiff was arraigned on August 25, 2005; and (iii) Plaintiff filed his amended complaint naming Massolle and Wojcikowski on July 15, 2008 (nearly three years after his arrest and arraignment). The length of the limitations period for a Section 1983 action is determined by reference to state law personal injury torts. *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50 (1989) (quoting and clarifying *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In Illinois, the pertinent limitations provision requires a would-be plaintiff to bring suit within two years of a cause of action's accrual. 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007).

Whether Defendants are correct in arguing that Plaintiff's action is time-barred depends on when a cause of action for false arrest accrues. The Supreme Court's decision in *Wallace v. Kato* (549 U.S. 384 (2007)) provides the answer. In that case, the Court first held that determining when a Section 1983 claim *accrues* is a question of federal law. *Id.* at 388. The Court further held that the limitations clock on an action brought pursuant to Section 1983 for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. For Plaintiff, that means that the limitations period began to run on August 25, 2005. See *id.* ("a false imprisonment ends once the victim becomes held pursuant to [legal process] – when, for example, he is * * * arraigned on charges").

Plaintiff argues, however, that the federal discovery rule applies to this case, and that his cause of action did not accrue until Plaintiff learned of the unlawful nature of his arrest. (Pl. Mem. at 6-7.) Where the discovery rule applies, it provides that a cause of action does not accrue until a plaintiff knew or should have known that she sustained an injury. *Barry Aviation, Inc., v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). The question of whether the discovery rule applies in false arrest cases has divided the district court. Compare *Johnson v. Garza*, 564 F. Supp. 2d 845, 851 (N.D. Ill. 2008) (false arrest claim did not accrue until plaintiff became aware of misconduct that led to probable cause for plaintiff's arrest), with *Gordon v. Devine*, 2008 WL 4594354, at *5 n.2 (N.D. Ill. Oct. 14, 2008) (*Wallace v. Kato* "adopted [a] bright-line test"); *Johnson v. Guevera*, 2007 WL 2608525, at *2 (N.D. Ill. Sept. 5, 2007) ("The discovery rule simply has no applicability to false arrest claims."); *Ollins v. O'Brien*, 2006 WL 1519286, at *2 (N.D. Ill. May 26, 2006) (false arrest accrual is determined by a clear rule).

The Court agrees with those courts that have held that *Wallace v. Kato* creates a clear rule governing the accrual date of a false arrest claim. First, the Supreme Court has "pointedly remarked" that the discovery rule has not been deemed applicable to all federal statutes. *S.E.C. v. Koenig*, 557 F.3d 736, 739 (7th Cir. 2009) (discussing *TRW, Inc. v. Andrews*, 534 U.S. 19, 27 (2001)). Second, there are sound reasons for thinking that the discovery rule does not alter the accrual date of a false arrest claim. As an initial matter, *Johnson v. Garza*'s ruling that a false arrest claim did not accrue until the plaintiff became aware of the pertinent misconduct is difficult to square with the facts of *Wallace v. Kato*, the Supreme Court case which holds that a cause of action for false arrest accrues no later than the arraignment. In *Wallace v. Kato*, the plaintiff had been convicted of murder, but the Illinois Appellate Court held on direct appeal that the officers had lacked probable cause to make the initial arrest that led to Plaintiff's conviction. 549 U.S. at 386 (discussing *People v. Wallace*, 701 N.E.2d 87, 94 (Ill. App. Ct. 1998)). The reasoning of *Johnson v. Garza* would lead to the conclusion that a plaintiff's cause of action accrues when the plaintiff learns that the officers lacked probable cause to effect the arrest. See 564 F. Supp. 2d at 851. However, the Supreme Court's opinion contained no such refinement. Rather, the Court held that a plaintiff can sue on a false arrest claim the moment that the arrest is made and that the statute of limitations begins to run once the Plaintiff is held pursuant to legal process.[4] *Kato*, 549 U.S. at 390 & n.3.

In any event, the Court need not go so far as to conclude that the discovery rule has no application to false arrest claims, for the application of the discovery rule only confirms that Plaintiff's cause of action accrued no later than his arraignment. Determining whether a plaintiff

---

[4] Defendants' reply brief attempts to distinguish *Johnson v. Garza* because the court in that case "had a more developed record to work with * * *." (Def. Reply at 3.) Were the Court to agree, the argument would not cut in Defendants' favor at the motion to dismiss phase. If additional factual development would aid Plaintiff's case, the Court would be bound to allow it.

6

knew or should have known that his or her constitutional rights have been violated – an essential part of any discovery rule analysis – demands a two-part inquiry. "First, a court must identify the injury. Next it must determine the date on which the plaintiff could have sued for that injury." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (citation omitted). In this case, Plaintiff's injury occurred on or about August 1, 2005, and his false arrest ended once he was arraigned. See *Wallace v. City of Chicago*, 440 F.3d 421, 425 (7th Cir. 2006). The moment he was arrested, he could have initiated his Section 1983 action. *Kato*, 549 U.S. at 390 n.3. Thus, the discovery rule itself teaches that Plaintiff's cause of action accrued no later than the date that he was held pursuant to legal process. And while Illinois law creates a short limitations period, the accrual analysis itself makes sense: a person who gets arrested has "knowledge which would lead a reasonable person to investigate the possibility that [his] legal rights had been infringed." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002); see also *United States v. Kubrick*, 444 U.S. 111, 121-22 (1979) ("We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment."); *United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000) ("The discovery rule does not permit the victim of an alleged wrong to postpone the running of the statute of limitations by willfully closing his eyes * * * to a known probability that he has been injured").[5]

That does not end the matter, however, because although Plaintiff's cause of action against the individual officer Defendants accrued more than two years before he filed his lawsuit, he may nonetheless be entitled to equitable tolling under state law. Where a limitations period is equitably tolled, the statute of limitations ceases to run for a period of time. See, *e.g.*, *IPF*

---

[5] Moreover, "the fact that the victim does not know who would have been the proper defendant" does not bear on the accrual analysis. *Cent. States, Se. & Sw. Areas Pension Fund v. Navco*, 3 F.3d 167, 171 (7th Cir. 1993).

7

*Recovery Co. v. Ill. Ins. Gaur. Fund*, 826 N.E.2d 943, 947-48 & n.5 (Ill. App. Ct. 2005) ("equitable tolling is an exception to the general rule that a statute of limitations is not tolled absent authorization from a statute"). Although the accrual analysis in a Section 1983 case is governed by federal law, the tolling analysis is governed by state law. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001). Under Illinois law, "[e]quitable tolling may be appropriate if defendant has actively misled plaintiff; plaintiff 'in some extraordinary way' has been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum." *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 675 N.E.2d 210, 214 (Ill. App. Ct. 1996).

Although the Illinois courts teach that equitable tolling "must be applied with caution" (*id.*), the Court concludes that Plaintiff has established at least for pleading purposes that he may be entitled to equitable tolling. Plaintiff's complaint states that Massolle and Wojcikowski fabricated evidence and that Plaintiff learned of this fact for the first time at trial. (Compl. ¶¶ 6, 8.) If, for instance, Massolle and Wojcikowski took steps to conceal their wrongdoing after the false arrest, Plaintiff may be entitled to tolling. The complaint is sufficient at this stage because Plaintiff receives the benefit of reasonable hypotheticals on a motion to dismiss (see *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000)) and because even "an innocent misstatement" by a defendant "[can] trigger the doctrine of equitable tolling" (*Thede v. Kapsas*, 897 N.E.2d 345, 403 (Ill. App. Ct. 2008)). See also *Chicago Park Dist. v. Kenroy, Inc.*, 402 N.E.2d 181, 184-85 (Ill. 1980) (concealment of a cause of action may be sufficient to toll the limitations period when accompanied by an affirmative act or misrepresentation).

In sum, because Plaintiff has pled facts that are sufficient to "plausibly suggest" (*E.E.O.C.*, 496 F.3d at 776) that he is entitled to equitable tolling of the statutory limitations period, Defendants' motion to dismiss Count I is denied.

**C.  Count II**

Defendants' next argument is that Count II of the complaint has not been plead with facts sufficient to give fair notice of the claims against them. Count II alleges that the Individual Defendants, "by fabricating evidence and concealing their wrongdoing, caused [P]laintiff to be wrongfully held in custody for seventeen months." (Compl. ¶ 12.)

The Court concludes that the allegations of Plaintiff's complaint, although brief, lie within the ambit of permissible pleading. To satisfy Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (quotation marks and ellipses omitted). Plaintiff's complaint alleges (i) that he was arrested on August 1, 2005, (ii) by the Individual Defendants, (iii) without probable cause, and (iv) that the Individual Defendants fabricated evidence. Moreover, the complaint states that Defendant was put on trial in January 2007 and was found not guilty. Defendants' reply is that the "Individual Defendants should not be required to guess at what evidence may have been induced (sic) at trial that was deemed fabricated." (Def. Reply at 4.) But Defendants demand more than the Federal Rules require. And if an answering defendant "lacks knowledge or information sufficient to form a belief about the truth of an allegation," that defendant can so plead. Fed. R. Civ. P. 8(b)(5).

The more interesting issue, one raised by the Plaintiff, is whether Plaintiff can make out a due process violation based on the facts that he has alleged. The Court concludes that he may, at

least at this stage. As a general matter, police misconduct may form the basis of a due process claim. In *Dominguez v. Hendley*, for example, the plaintiff alleged "that the defendant officers violated his right to due process by manipulating or tampering with identification and testimonial evidence." 545 F.3d 585, 589 (7th Cir. 2008). The jury found for the plaintiff, and the Seventh Circuit affirmed.

Yet *Dominguez* involved a plaintiff who had been convicted of a crime and sued after exoneration; Plaintiff points out that there is a district court split of authority as to whether a plaintiff can recover on a due process violation where there was no underlying conviction. (See Pl. Mem. at 10 n.3.) The split in authority that Plaintiff identifies relates solely to *Brady* violations. Compare *Gregory v. Oliver,* 226 F. Supp. 2d 943, 953 (N.D. Ill. 2002) (no compensable injury where plaintiff is acquitted despite *Brady* violation), with *Mosley v. City of Chicago*, 2007 WL 2608517, at *2 (N.D. Ill. Sept. 4, 2007) (most courts in this district have rejected *Oliver*; collecting cases). *Cf.* also *Carvajal v. Dominguez*, 542 F.3d 561, 565 & n.1, 569 (7th Cir. 2008) (expressing "doubts" about whether a *Brady* violation can be brought when the underlying criminal case resulted in acquittal). The district court split in authority mirrors a circuit court split in authority. See *Bielanski v. County of Kane*, 550 F.3d 632, 645 (7th Cir. 2008) (collecting cases). In *Bielanski*, the Seventh Circuit resolved many of the issues surrounding the district court split, holding that, at least in the typical case – *i.e.*, one in which non-dispositive, yet still-exculpatory evidence is ultimately disclosed at a time when the plaintiff can still make use of the evidence – there is no *Brady* violation. *Id.* at 644-45. The Seventh Circuit, however, left open the question of whether a *Brady* violation whose revelation would have resulted in pre-trial dismissal of the charges is actionable. *Id.* at 643. And the *Bielanski* opinion does not seem to address the situation where the evidence is *never* disclosed and merely

brought to light during trial. See also *Pope v. City of Chicago*, 2009 WL 811625, at *3-4 (N.D. Ill. Mar. 24, 2009) (discussing the reach of Fourth Amendment violations under *McCullah v. Gadert*, 344 F.3d 655 (7th Cir. 2003)).

Here, because Plaintiff's complaint does not fully describe the police misconduct at issue, it is not even clear at this stage whether the split in authority is implicated in this case. To be sure, Plaintiff cannot make out a due process claim simply by recasting his false arrest claim as a due process claim. *Dominguez*, 545 F.3d at 589 (false arrest limitations period did not apply because the plaintiff's "due process claim" was "more than a Fourth Amendment claim by another name"); *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (citing *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). Similarly, Plaintiff cannot simply combine his false arrest claim with his malicious prosecution and convert it into "a sort of hybrid substantive due process claim under the Fourteenth Amendment." *Brooks v. City of Chicago*, --- F.3d ----, 2009 WL 1162486, at *3 (7th Cir. May 1, 2009).

At this early phase, however, on the face of the complaint, Court perceives no impediment to Plaintiff making out a due process claim. The Court can reserve for another day, if it becomes necessary, the thorny issues of constitutional law that the Seventh Circuit has discussed but not yet decided. Defendants' motion to dismiss Count II is denied.

### D. Count III

Defendant moved to dismiss Count III of the complaint against the Individual Defendants as time-barred. (Def. Mem. at 5.) Plaintiff points out that Count III names only the City. (Pl. Mem. at 7.) Defendant's reply concedes that Plaintiff's claim against the City was timely filed. (Def. Reply at 6.) Therefore, Defendant's motion to dismiss Count III of the complaint is denied as moot.

11

## III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss [28] is denied.

Dated: May 21, 2009

Robert M. Dow, Jr.
United States District Judge