IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 07-cv-4969 |
| ) | |
| CITY OF CHICAGO, WILLIAM R. ) | Judge Robert M. Dow, Jr. |
| MASSOLLE, #19045, and KAREN E. ) | |
| WOJCIKOWSKI, # 9786, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Larry Thomas ("Thomas"), filed a *pro se* complaint [1, 10] on September 4, 2007, against the City of Chicago ("the City"), Two Unknown Named Chicago Police Detectives, and One Unknown Named Police Investigator. Subsequently, and with the aid of counsel, Plaintiff amended his complaint [21] on July 15, 2008, replacing the unknown defendants with Chicago Police Officers William R. Massolle ("Massolle") and Karen E. Wojcikowski ("Wojcikowski") and omitting the unknown police investigator. Plaintiff alleges that Defendant Officers deprived him of his civil rights when they arrested him on August 1, 2005, and seeks recovery pursuant to 42 U.S.C. § 1983. Plaintiff also alleges a Fourteenth Amendment due process violation. Finally, he invokes the Court's supplemental jurisdiction, seeking recovery against all Defendants for the state law tort of malicious prosecution.

Currently before the Court is Defendants' motion for summary judgment [68]. For the following reasons, the Court grants Defendants' motion as to Counts I and II and dismisses without prejudice Plaintiff's remaining state law claim for malicious prosecution (Count III).

I. **Background**

On July 27, 2005, Adam Saucedo of Adam's Trucking reported to the Chicago Police Department that his green, refrigerated truck, containing thirteen pallets or four hundred fifty-eight cases of sea bass fillets, was stolen from 1000 West Carroll Street in Chicago, Illinois. At approximately 6:25 p.m. on August 1, 2005, officers arrested Kelvin Greenfield for theft of the Chilean sea bass located in the stolen refrigerated truck.[1]

On July 31, 2005, Detectives Nicholas Nickeas and Robert Voight, who are not parties to this litigation, were assigned to investigate the theft of a refrigerated truck located at approximately 1946 West Fulton Street. Also on July 31, 2005, Officers Massolle and Wojckowski arrested Robert Smith for criminal trespass to a vehicle and theft of mislaid or lost property after they saw him in possession of recently stolen motorcycle parts. The officers notified Detectives Voight and Nickeas that they had Robert Smith in custody and that he may have knowledge regarding the theft of the truck. The detectives interviewed Robert Smith; Officers Massolle and Wojckowski did not participate in Smith's interview. During his interview, Smith informed the detectives that he knew an individual named "LT" who was involved in the thefts in the area. According to Smith, he and LT were friends and knew each other from their community. According to Defendants, Smith told the detectives that "LT" asked him to help him unload fish from the refrigerated truck and that "LT" had plans to sell this fish to a restaurant on Madison Avenue.[2] During the interview, Robert Smith positively identified "LT" as Larry Thomas, #IR 634266, from the Chicago Police Department Clear Data Warehouse

---

[1] According to Plaintiff, in July 2005, Defendant Officers Massolle and Wojcikowski told Kelvin Greenfield that "there were a lot of crimes going on in the neighborhood" and that "if the crimes didn't stop, people were going to start getting cases put on them." Also in July 2005, a confidential informant told Defendant Officers that Kelvin Greenfield and others had been involved in various property crimes.

[2] At trial, Smith denied any involvement in unloading the fish from the refrigerated truck.

photograph presented to him. At the end of the interview, the detectives relayed to Officers Wojckwoski and Massolle the information provided by Smith that implicated Thomas in the theft of the truck.

Based upon that information, Officers Wojckowski and Massolle went looking for Thomas. The officers found Thomas at 2339 West Lake Street and arrested him at approximately 12:30 a.m. on August 1, 2005. The officers did not question Thomas. After Thomas was placed in custody, Detectives Voight and Nickeas questioned him and advised him that he had been implicated in the burglary of the refrigerated truck. Thomas denied any knowledge of the theft of the truck and its contents.

On August 1, 2005, Detective Nickeas telephoned the felony review state's attorney to obtain approval for the filing of charges against Thomas. Nickeas told the prosecutor that Smith had implicated Plaintiff in the frozen fish theft. The prosecutor did not personally interview Smith; rather, he approved the filing of the charges against Thomas over the phone. On August 15, 2005, Nickeas testified before the grand jury and stated that Thomas has been "seen on separate occasions entering that [stolen fish truck]." Nickeas contends that Smith is the only person who provided him with information that Thomas had been seen entering the stolen truck. Nickeas was the only witness to testify before the grand jury in connection with the charges against Thomas. Thomas was formally charged with theft and burglary on August 19, 2005, and was arraigned on August 25, 2005. Kevin Greenfield[3] and Larry Thomas were charged as co-defendants and their case went to trial on January 3, 2007. Robert Smith testified at the trial that he was not involved in the unloading of the fish. The case was dismissed after a directed verdict

---

[3] Kevin Greenfield knew Larry Thomas before both of their arrests on August 1, 2005. Greenfield lived in the same apartment as Thomas and his "female friend," Kuwana Palmer, on Lake Street. Greenfield also knew Robert Smith from the neighborhood and referred to him as "Smitty."

3

was entered in favor of Greenfield and Thomas. Prior to his arraignment, Thomas was incarcerated at Cook County Jail, and he remained in custody for fifteen months and twenty-two days, until he was released on bond.

Thomas filed a *pro se* complaint on September 4, 2007, against the City of Chicago, Two Unknown Named Chicago Police Detectives, and One Unknown Named Police Investigator. With the aid of counsel, Plaintiff amended his complaint on July 15, 2008, replacing the unknown defendants with Massolle and Wojcikowski and omitting the unknown police investigator. Count I of the amended complaint alleges that Massolle and Wojcikowski falsely arrested Plaintiff in violation of the Fourth Amendment of the United States Constitution. Count II alleges that Massolle and Wojcikowski violated the Constitution's Fourteenth Amendment due process clause "by fabricating evidence and concealing their wrongdoing, [which] caused [P]laintiff to be wrongfully held in custody for seventeen months." Count III names only the City, seeking to impose liability on a *respondeat superior* theory for the state law tort of malicious prosecution.

## II.   Standard of Review

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual disputes that are irrelevant to the outcome of the suit "will not be counted." *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003) (quotation marks and citations omitted). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party

4

must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III. Analysis

#### A. Plaintiff's Fourth Amendment False Arrest Claim

Plaintiff brings a § 1983 claim against Defendant Officers for unreasonable seizure of Plaintiff's person in violation of the Fourth Amendment. Defendants filed a motion to dismiss Plaintiff's false arrest claim, arguing that he had pled himself out of court by including certain calendarial facts in his amended complaint: (i) Plaintiff was arrested on August 1, 2005; (ii) Plaintiff was arraigned on August 25, 2005; and (iii) Plaintiff filed his amended complaint naming Massolle and Wojcikowski on July 15, 2008 (nearly three years after his arrest and arraignment).

The length of the limitations period for a Section 1983 action is determined by reference to state law personal injury torts. *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50 (1989) (quoting and clarifying *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In Illinois, the pertinent limitations provision requires a would-be plaintiff to bring suit within two years of a cause of action's accrual. 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). In ruling on Defendants' motion to dismiss, the Court concluded that the statute of limitations began to run, at the latest, when Plaintiff was arraigned.[4] However, the Court also concluded that it was not clear from Plaintiff's amended complaint that any claims were "hopelessly time-barred" because the limitations period may be tolled under Illinois law.

Where a limitations period is equitably tolled, the statute of limitations ceases to run for a period of time. See, *e.g.*, *IPF Recovery Co. v. Ill. Ins. Gaur. Fund*, 826 N.E.2d 943, 947-48 & n.5 (Ill. App. Ct. 2005) ("equitable tolling is an exception to the general rule that a statute of limitations is not tolled absent authorization from a statute"). Although the accrual analysis in a § 1983 case is governed by federal law, the tolling analysis is governed by state law. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001). Under Illinois law, "[e]quitable tolling may be appropriate if defendant has actively misled plaintiff; plaintiff 'in some extraordinary way' has been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum." *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 675 N.E.2d 210, 214 (Ill. App. Ct. 1996). In his response brief, Plaintiff concedes that "after full discovery * * * he is unable to establish

---

[4] In *Wallace v. Kato*, the Supreme Court held that the limitations clock on an action brought pursuant to § 1983 for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. 384, 397 (2007). For Plaintiff, that means that the limitations period began to run when he was arrested on August 1, 2005, or, at the latest, on August 25, 2005, when he was arraigned. See *id.* ("a false imprisonment ends once the victim becomes held pursuant to [legal process] – when, for example, he is * * * arraigned on charges").

equitable tolling." Pl.'s Resp. at 4-5. Therefore, Plaintiff's false arrest claim is barred by the statute of limitations.

B.  **Plaintiff's Fourteenth Amendment Due Process Claim**

In Count II of his amended complaint, Plaintiff alleges that Defendant Officers Massolle and Wojcikowski deprived Plaintiff of due process of law "by fabricating evidence and concealing their wrongdoing, caus[ing] plaintiff to be wrongfully held in custody for seventeen months." (Compl. ¶ 12.) In his response brief, Plaintiff clarifies his claim, maintaining that he was unreasonably seized and held in custody for more than fifteen months because Chicago Police Detective Nickeas gave false information in his reports and in his grand jury testimony. Plaintiff also contends that he was denied due process when Detective Nickeas withheld his fabrication of evidence from the prosecutor. Plaintiff concedes that discovery has revealed that Officers Massolle and Wojcikowski are not the appropriate Defendants for his due process claim.

As Plaintiff concedes in his response brief, although Plaintiff now contends that Detective Nickeas is the appropriate defendant for Plaintiff's § 1983 "wrongful prosecution" claim, Plaintiff did not name Nickeas as a defendant either in the original complaint or the amended complaint. Thus, any claim against Nickeas individually is barred by the statute of limitations. And because Plaintiff has conceded that Defendant Officers Massolle and Wojcikowski are not appropriate defendants for Plaintiff's Fourteenth Amendment claim, the Court grants summary judgment in favor of Defendants on Plaintiff's due process claim.

C.  **Plaintiff's State Law Malicious Prosecution Claim**

Because the Court grants summary judgment to Defendants as to all claims (Counts I and II) over which it has original jurisdiction, it must now address whether to retain jurisdiction over Plaintiff's state law malicious prosecution claim. See 28 U.S.C. § 1367(c)(3). The Seventh

7

Circuit, animated by the principle of comity, consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*,6 F.3d 1176, 1182 (7th Cir. 1993); see also *Wright v. Associated Ins. Co.*, Inc., 29 F.3d 1244, 1251 (7th Cir. 1994) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction * * *"); see also *Horton v. Schultz*, 2010 WL 1541265, at *4 (N.D. Ill. 2010).

In *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point to a federal decision of the state-law claims on the merits." The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id.* at 1251. That concern is not present here, however, because Illinois law gives Plaintiff one year from the dismissal on jurisdictional grounds of state law claims in federal court in which to re-file those claims in state court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). Dismissal without prejudice also is appropriate here because substantial judicial resources have not been committed to the state law count in Plaintiff's complaint. *Wright*, 29 F.3d at 1251. In fact, the new theory advanced by Plaintiff involves the conduct of a non-party, Detective Nickeas, and was just disclosed to the Court in Plaintiff's opposition to Defendants' summary judgment

motion. Finding no justification for departing from that "usual practice" in this case, the Court dismisses without prejudice Plaintiff's state law claims malicious prosecution (Count III).

**III.    Conclusion**

For these reasons, the Court grants Defendants' motion for summary judgment [68] as to Counts I and II and dismisses without prejudice Plaintiff's remaining state law claim for malicious prosecution set forth in Count III.

Dated:  April 26, 2011                    _____
                                          Robert M. Dow, Jr.
                                          United States District Judge